**UNITED STATES of America,**
v.
**Elijah SMITH, Appellant.**
No. 71–1380.

United States Court of Appeals, District of Columbia Circuit.

Dec. 11, 1972.

the trial judge must take pains to develop a clear and complete record permitting a sound and fair resolution.

Mr. John A. Shorter, Jr., Washington, D. C., was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry, Herbert B. Hoffman, Philip L. Cohan, and Harry J. McCarthy, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

Appellant was convicted of robbery, 22 D.C.Code § 2901, and sentenced to imprisonment for three to nine years. He claims the District Judge erred in failing to exclude complainant's in-court identification of defendant, and the evidence of an earlier lineup identification. We affirm.

On April 3, 1970, at about 5:30 p. m., Rosalind Titus was standing on a street corner waiting for the traffic light to change. Suddenly, she was attacked, pinioned and abducted by a man who forced her into the rear seat of a waiting car. There were a man and a woman in the front seat of the car, whom the complaining witness was unable to describe, since they did not turn their heads. For the next hour, the car was continuously driven around the city and it was during this time that Miss Titus was able to observe the defendant. She later described him to a police officer as about 5'7" or 5'8" tall, slenderly built, darkly complected, and with small pimples or acne on his face.[1]

After Miss Titus, her purse emptied, was set free, she went directly to the nearest police station, where she supplied Officer Gonzales with the description of her assailant. On the next day she returned to the station and made a photographic identification, singling out defendant's picture from among 600 pictures contained in four different books.[2] The defendant's photo revealed "small bumps" on the face similar to acne. The validity of this photographic identification was neither challenged below nor contested on this appeal.

On June 15, 1970, a preliminary hearing was held by a magistrate to determine whether there was sufficient evidence to detain Smith pending action by the grand jury. From the stand, the complaining witness, who had been subpoenaed by the prosecutor, identified appellant as the robber. Smith was sitting alone next to his counsel at the defense table. The identification at the preliminary hearing was not introduced as evidence at trial, but appellant contends that it has "tainted" subsequent

---

[1]. Although Smith is actually over 6' tall, complainant's error is easily explained since she only viewed the defendant while he was sitting in the car. Her description of his facial characteristics, particularly the acne, were confirmed by the photograph.

[2]. On a later date, she made a second photographic identification at the request of Detective Plum, who had been assigned to the case and wanted to check the identification for himself. Miss Titus again identified Smith's picture from the same book used in her initial identification. The validity of this second selection is unchallenged.

identifications at a lineup, and in court, which were in evidence.

■ A serious problem arises if the suspect's right to a preliminary hearing on the validity of pre-trial detention [3] cannot be exercised without exposure to a potentially suggestive one-to-one confrontation with the witness. If the Government's case turns upon the testimony of an identification witness, and defense counsel forecasts irreparable suggestivity if the witness appears at the preliminary hearing, his remedy lies in a motion for a lineup order, to assure that the identification witness will first view the suspect at a lineup, rather than in the magistrate's hearing room.[4] The magistrate or judge should grant this motion, unless cause to the contrary is shown, since a lineup conducted by police, with the attendance of defense counsel, assures or at least promotes the reliability of the identification [5] and is therefore in the interest of justice.

■ In this case, defense counsel made no such motion for a lineup, nor in any way objected to the confrontation at the time of the preliminary hearing. Since this complaining witness had a long and proximate opportunity to observe and study the face of her attacker, and had previously made a prearrest photographic identification, there was enough to support the trial court's finding of clear and convincing evidence of an independent source for the subsequent identifications.[6]

Affirmed.

---

3. 23 D.C.Code § 23-1322 (Supp. V. 1972).

4. In the event of identification at a counseled lineup, a police official's testimony to that effect at the preliminary hearing would justify holding the defendant, without the necessity of the identification witnesses themselves being present at the preliminary hearing, in the absence of convincing evidence exculpating the suspect.

5. United States v. Ash, 149 U.S.App.D.C. 8, 12, 461 F.2d 99, 103, cert. granted, 407 U.S. 909, 92 S.Ct. 2436, 32 L.Ed.2d 682 (1972); United States v. Hamilton, 137 U.S.App.D.C. 89, 91, 420 F.2d 1292, 1294-1295, n. 11 (1969).

6. See United States v. Wade, 388 U.S. 218, 240, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).